FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 02 2024
Mitchell R. Elfers
CLERK

# UNITED STATES DISTRICT COURT IN THE DISTRICT OF NEW MEXICO

Case No: 23-CV-00043-RB-GJF
23-CV-00154-JB-LF
22-MJ-01089-DHU
23-MJ-00180-LF

## Patrick Beck v. NEW MEXICO

### CASE UPDATE AFFIDAVIT AND EVIDENCE SUBMISSION

Comes Now The litigant in the above named cases making a submission in filing in good faith. The litigant is filing Pro Se.

1) The litigant moves this court for a reconsideration and objects to the findings of incompetency, delusionaly and therefore dangerous. The statements alleged to be made by the litigant in this action to the Drs. Larsen, Brovko, and Biber was filed incorrectly. The litigant OBJECTS to these findings. Missing information and inconsistencies on the record prove that the witness testimony to find the defendant/litigant in this action as dangerous, incompetent, and delusional have been made in a defamatory and slanderous mannerism. The litigant, Patrick Beck moves to proceed Pro Se in aiding his currently appointed counsel. It has been over 2 months since appointed counsel has been allowed to talk to the litigant to make timely filings in regard to objections and evidentiary discrepancies.

2) On 4/27/2023 the litigant was moved from CCCC to Otero County Prison. On or around 5/23/2023, he was then moved to Fort Worth (FMC). The discovery and evidence the litigant/defendant had was taken away and never recieved in the transfer from Otero to FMC FTW, his money from CCCC was also never sent. The defendant had evidence to refute and rebute Dr. Larsen and Dr. Brovko's claims. The evidence was withheld by previous counsel.

(1)

This evidence proves otherwise to the witnesses claims, mainly the litigants mother, of whom he has only seen once in the past 20 years since 2003. The defendant objects to the statements made by GAWLICK, WUNDERINK, BEHRMAN, PETERSON, Dr. LARSEN, Dr. BROVKO and Dr. BIBER. The defendant/litigant had requested CANDELARIA'S help in obtaining the proper documents for his patent. The USPTO needed him (me) to fill out a form to correct a typing error made by the patent office, which in turn would prove the patent is real and not some "delusion". His documents were seized illegally by Otero when CANDELARIA claimed the patent was not real & the defendant/litigant was incompetent. The defendant was able to call the patent office through the counselor since it has to do with the case. The patent office then was going to send the paperwork, but the litigant/defendant was immediately moved to Otero. CANDELARIA originally told the litigant that he was not going to raise incompetency & raised incompetency a week afterwards. Let the record show that CANDELARIA was upset over the patent pending and she raised incompetency over the patent instead of filing timely objections. CANDELARIA had evidence that the alleged victims did not tell the honest truth & raised incompetency instead of FACT finding. The defendant/litigant was then unable to file the appropriate forms for the patent or contact the patent office. When the litigant/defendant asked Dr. Biber for help, she used it against him, after the counselor at FTW FMC told him he had to ask her for permission. After months, the defendant has finally been able to contact the

2

Patent office, since no one at FMC FTW or his own counsel offered help when asked many times. This is therefore a purposeful arbitration in sabotage of the defendant's patent. The Doctors claimed it isn't real when it is. The government has also sabotaged the campaign the Defendant had just started online & labeled him as delusional for political purposes. This is in fact against the law and the Constitution. The Defendant has a right to intellectual property and has now recieved an abandonment notice because Otero took his address and paperwork. Dr. Larsen & Brovko claimed the defendant as delusional, and this has obstructed Justice and gotten in the way of the defendant having a fair and equal right to offer evidence, this has caused undue delay and deprived the defendant of his constitutional amendment rights to an attorney, access evidence, own intellectual property, run for President, prove he is not delusional and that his patent is real, and gotten in the way of the patent process. A fundamental miscarriage of Justice has occurred. The unfair prejudice and disparity being exercised toward the defendant is strong. 18 months in Jail without an indictment on a preliminary hearing ~~~~ clearly violates due process. The defendant/litigant has attached the abandonment notice of the patent. The government has forced the defendant to lose all of his property with false and fabricated claims. One piece of evidence is attached to prove the patent is real and more evidence will be submitted to prove the defendant is not delusional. Many of the claims made by the doctors were fabricated, out of pocket,

③

and presented as though the defendant had said certain things that were not said, as such a long list of all of these fabrications will also be submitted to put these claims made by 3rd parties in dispute.

Filed on The 27th day of December 2023. Made to the best of the litigant/defendant's knowledge and beliefs. Under oath via §1746.

Patrick Beck (Beneficiary)

The defendant also requests the clerk ensure the address has been changed on case no. 22-MJ-01089 & 23MJ00180. Also, requests a copy of the Stricken records. Thank you,

Patrick Beck #08924510 Pro Se
Federal Medical Center
P.O. Box 15330
Fort Worth, TX 76119.

Since part of the case is regarding an alleged "delusional" patent on The Warp Speed Formula, this notice has been attached as evidence of it's truth and actuality, which is still pending & may be part of further action civilly regarding said patent incase any more harassment is made towards the inventor in furtherance of the claim, as what started this whole case and controversy to begin with in 2019. Respectfully submitted in good faith.
Seasons blessings.

(4)



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 17/803,964 | 02/09/2023 | Patrick Nicholas Beck | |

Patrick Beck
#08924510
Federal Medical Center
P.O. Box 15330
Fort Worth, TX 76119

**CONFIRMATION NO. 9082**
**ABANDONMENT/TERMINATION LETTER**

*OC000000066028339*

Date Mailed: 12/18/2023

# NOTICE OF ABANDONMENT UNDER 37 CFR 1.53 (f) OR (g)

The above-identified application is abandoned for failure to timely or properly reply to the Notice to File Missing Parts (Notice) mailed on 04/18/2023.

- No reply was received.

If a complete reply to the notice was previously filed by applicant within the time period set forth in the notice, applicant may request for reconsideration of the holding of abandonment within 2 months from the mailing of this notice of abandonment by filing a petition to withdraw the holding of abandonment under 37 CFR 1.181(a). No petition fee is required. The petition must be accompanied by a true copy of the originally filed reply and the item(s) identified in one of the following:

1. A properly itemized date-stamped postcard receipt (see MPEP § 503);

2. If the originally filed reply included a certificate of mailing or transmission in compliance with 37 CFR 1.8(a), a copy of the certificate of mailing or transmission and a statement in compliance with 37 CFR 1.8(b) (see MPEP § 512); or

3. If the reply was filed via "Express Mail", (now "Priority Mail Express"), a submission satisfying the requirements of 37 CFR 1.10(e) including, for example, a copy of the mailing label showing the "date-in" (or "date accepted") (see MPEP § 513).

If applicant did not previously file complete reply within the the time period set forth in the notice, applicant may file a petition to revive the application under 37 CFR 1.137.

Under 37 CFR 1.137, a petition requesting that the application be revived on the grounds of UNINTENTIONAL DELAY must be filed promptly after applicant becomes aware of the abandonment and such petition must be accompanied by: (1) the reply required to the outstanding Office action or notice, unless previously filed; (2) the petition fee set forth in 37 CFR 1.17(m); (3) a terminal disclaimer (and fee set forth in 37 CFR 1.20(d)) if required by 37 CFR 1.137(d); and (4) a statement that the entire delay in filing the required reply from the due date for the reply until the filing of a grantable petition was unintentional. See MPEP 711.03(c) and Form PTO/SB/64.

Any questions concerning petitions to revive should be directed to the Office of Petitions at (571) 272-3282. Petitions should be mailed to Mail Stop Petitions, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

A copy of this notice <u>MUST</u> be returned with the reply.

Questions about the contents of this notice and the requirements it sets forth should be directed to the Office of Data Management, Application Assistance Unit, at **(571) 272-4000** or **(571) 272-4200** or **1-888-786-0101**.

/mnguyen/

Patrick Back # 08924450
Federal Medical Center
P.O. Box 15330
Fort Worth, TX 76119

NORTH TEXAS TX P&DC
DALLAS TX 750
28 DEC 2023 PM 4 L

RECEIVED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 01 2024
MITCHELL R. ELFERS
CLERK

U.S. Courthouse
District of New Mexico
Office of Clerk
Suite 270
333 Lomas Blvd
Albuquerque, NM 87310

87102-227470